UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| OLIVIA MARQUEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCMURRY UNIVERSITY,<br><br>Defendant. | No. 1:25-CV-002-H |
| YOLANDA FLEMING, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCMURRY UNIVERSITY,<br><br>Defendant. | No. 1:25-CV-009-H |
| JADA LEE, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCMURRY UNIVERSITY,<br><br>Defendants. | No. 1:25-CV-014-H |

## ORDER

Before the Court is the plaintiffs' unopposed motion to: (1) consolidate the above-captioned cases; (2) appoint interim leadership counsel for the plaintiff; (3) stay the



related actions; and (4) set briefing deadlines. Dkt. No. 7.[1] For the reasons stated below, the Court grants the motion (Dkt. No. 7) and orders the following.

1.  **Consolidating the Cases and Staying Related Actions**

Having reviewed the motion, the memorandum in support, the exhibits, and the complaints in the actions, and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving the defendant McMurry University, have many of the same claims, and have proposed class definitions that will encompass the same persons, the Court concludes that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The interests of judicial economy and preserving the parties' resources, as well as avoiding disparate rulings in separate actions, support the Court's conclusion.

Accordingly, the Court orders that the above-captioned actions shall be consolidated for all purposes into the *Marquez* action, which is the first-filed case. The parties shall file all future pleadings, motions, briefs, and other papers in *Olivia Marquez v. McMurry University*, No. 1:25-CV-002-H, which shall hereinafter be the consolidated action. The Clerk of Court is directed to administratively close all other cases listed in the caption. The case file for *Marquez* will now have the case style "*In re McMurry University Data Incident Litigation*."[2]

The Court further orders that for each new case arising out this subject matter and in which the defendant is a party, the Clerk of Court shall transfer the case to the Abilene Division of this District and consolidate it with the consolidated action unless: (1) a party

---

[1] All citations to the docket refer to *Olivia Marquez v. McMurry University*, No. 1:25-CV-002-H unless otherwise stated.

[2] The Court and parties may also refer to this newly consolidated docket as the "master docket."

objects to consolidation by filing an application for relief within ten days after the date upon which a copy of this Order is served on counsel for such party, and (2) the Court deems it appropriate to grant such application. If the Court determines that a case is related, the Clerk of Court shall: (1) place a copy of this Order with the separate file for such action; (2) serve on plaintiffs' counsel in the new case a copy of this Order; (3) direct that this Order be served upon the defendant or defendants in the new case; and (4) make the appropriate entry in the master docket.

2. **Leadership**

In light of the duplicative and overlapping suits and the number of pending cases, the Court concludes that it is necessary to appoint interim class counsel. *See* Federal Rule of Civil Procedure 23(g)(3); *Lee v. Samsung Elecs. Am., Inc.*, 4:21-CV-1321, 2023 WL 2328442, at *5 (S.D. Tex. Feb. 3, 2023). Having considered the proposed interim counsel's previous work on these cases, their experience and knowledge of the relevant areas of law, and their commitments in this motion, *see* Dkt. No. 7 at 13-22; Dkt. Nos. 7-1; 7-2; 7-3, the Court concludes that the proposed interim counsel is adequate and consistent with Rule 23(g)(3).

Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Raina C. Borrelli, William B. Federman, and Gary M. Klinger as Interim Co-Lead Class Counsel.

The above-named attorneys meet the requirements of Rule 23(g). Interim Co-Lead Counsel are designated to act on behalf of the putative class before the Court determines whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work amongst all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Co-Lead Counsel are as follows:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of the plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of the plaintiffs and the putative class;

e. Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for the plaintiffs and the putative class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

i. Perform such other duties as may be incidental to the proper coordination of the plaintiffs' pretrial activities or authorized by further order of this Court;

j. Serve as the primary contact for communications between the Court and other the plaintiffs' counsel;

k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on the plaintiffs' counsel via the Court's electronic filing system);

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

m. Perform all other duties or tasks as necessary to the prosecution of this matter on behalf of the putative class.

This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data incident underlying this litigation.

Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for the plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware or become aware of any such action(s) and on all counsel for the plaintiffs whose cases may subsequently consolidated with the above actions.

3. **Briefing Deadlines**

The plaintiffs shall file a consolidated class-action complaint within 45 days after the appointment of the entry of this Order. The defendant shall file a responsive pleading 45 days after the filing of the consolidated complaint. Should the defendant move to dismiss, the plaintiffs will have 30 days to respond to the motion to dismiss, and the defendant will have 21 days to reply.

So ordered on February 6, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE